**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**BRUCE A. LING,**

    **Plaintiff,**

vs.                                                           **CASE NO. 4:07CV241-SPM/AK**

**OFFICER DONALD POPPE, et al,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. §1983, which has been reviewed pursuant to 28 U.S.C. §1915A.

Plaintiff alleges that on February 24, 2005, Defendants Poppe and Hawkins, both officers with the Tallahassee Police Department, failed to include exculpatory information in their investigative report and probable cause affidavit which resulted in Plaintiff's arrest and later conviction. (Doc. 1). Plaintiff seeks damages for intentional infliction of harm to him and his children, business loss, and pain and suffering.

It is clear that one may not seek monetary damages which would collaterally undermine a criminal conviction or sentence. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 2372 (1994) (barring a claim for monetary

damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated).   In <u>Heck</u>, the Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254." <u>Harden v. Pataki</u>, 320 F.3d 1289, 1294 (11th Cir. 2003, quoting <u>Heck</u>, 512 U.S. at 486-487. " A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983." <u>Heck</u>, 512 U.S. at 487.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this  **9th**  day of October, 2007

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**No. 4:07CV241-SPM/AK**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 4:07CV241-SPM/AK**